08/05/2004 15:17 FAX  Case 1:00-cv-00986-HJW  Document 77-2  PorterWrightMorrisArthur  Filed 08/16/2004  6142286126  Page 1 of 3  ☒003/004 P.2

JUL 23 2004 3:59PM    MCNAMARA&MCNAMARA

## Law Offices

## McNamara and McNamara, L.L.P.

88 East Broad Street, Suite 1250
Columbus, Ohio
43215-3559

TELEPHONE (614) 228-6131
TELEFAX (614) 228-0126
E-MAIL mcnamaralaw@mcnamaralaw.us

WILLIAM H. WOODS
DENNIS D. LISTON
SCOTT F. STURGES
JONATHAN M. BRYAN

KEITH McNAMARA
JOHN L. MILLER
MICHAEL A. SZOLOSI, SR.
OF COUNSEL

J. PAUL McNAMARA
(1908-1984)

July 23, 2004

**Via telefax (216) 443-9011
and regular mail**

Mr. Daniel F. Gourash
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115

RE: *McWane, Inc. v. Grooms Construction Company, Inc.;
Highland County Water Company, Inc.; Fidelity and
Deposit Company of Maryland*

Dear Dan:

For the reasons stated in our e-mail correspondence beginning with F&D's July 7, 2004 written offer to pay the sum of $500,801.94, F&D rejects the suggestion that under the Sixth Circuit's opinion, F&D is liable to McWane in the approximate amount of $830,000.00 as of July 15, 2004. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, F&D hereby makes an Offer of Judgment in the sum of $500,801.94 plus court costs incurred to date. As explained in our prior correspondence, this offer includes the full amount of McWane's claim for unpaid materials in the amount of $366,880.54 (See District Court's September 13, 2002 Order, ¶24) and prejudgment interest in the amount of $133,921.40. Plaintiff has ten (10) days after service of this offer to accept the offer; otherwise, it shall be deemed withdrawn, and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by plaintiff, if any, is not more favorable than the offer, plaintiff shall pay the costs to defendant incurred after the making of the offer.

As you know, the Sixth Circuit rejected McWane's request for the entry of a summary judgment against F&D. If F&D's offer of judgment is rejected, F&D has instructed me to file a motion pursuant to Federal Civil Rule 67 to deposit the sum of $366,880.54 and seek judicial determination of F&D's liability to McWane. In addition to the remaining disputed issues of law and fact that we discussed regarding F&D's prior settlement offer, I understand that R.C. 1343.03 has been amended effective June 2, 2004. The amendment provides that as of June 2, 2004, a "creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised

**EXHIBIT
A**

Mr. Daniel F. Gourash
Page 2
July 23, 2004

Code." My understanding is that the interest rate under section 5703.47 for 2004 is 4% rather than 10%.

    Upon remand to the District Court, I believe that several compelling arguments can be made that will result in a final judgment of less than the amount of F&D's offer of judgment. First, F&D did not bond Grooms' obligations under the Credit Agreement and Invoices attached to McWane's Complaint. Neither F&D nor Highland County Water Company was informed of the terms of Grooms' Agreement with McWane before F&D issued the Payment Bond to the Water Company in March 2000. Neither F&D nor the Water Company was notified of the terms of the agreements between Grooms and McWane until after Grooms' check was returned for insufficient funds in July 2000. F&D bonded Grooms' obligations under its Contract with the Water Company, and McWane is a third-party beneficiary of the Payment Bond that F&D issued to the Water Company, as obligee.

    Second, under the payment rules of the Uniform Commercial Code, McWane was paid by Highland County Water Company for materials delivered to the project, and by indorsing the Water Company's checks, McWane waived its right to file a Mechanic's Lien and the right to seek 18% interest and attorney fees from either the Water Company or F&D. Finally, the award of prejudgment interest is within the sound discretion of the District Court. Under the unique circumstances of this case, it appears likely that the court would determine that no money became due and payable to McWane under the terms of the Payment Bond issued by F&D until June 22, 2004, the date the Sixth Circuit reversed the summary judgment entered in favor of F&D on September 13, 2002. For these reasons, it seems probable that any final judgment entered against F&D on remand will be less than the amount of F&D's Offer of Judgment. I look forward to hearing from you on or before August 2, 2004.

Respectfully,

William H. Woods

WHW/dsp
Enclosure
cc: Mr. Gregory W. Kilburn
File No. 2305B

# PORTER WRIGHT MORRIS & ARTHUR LLP
### Attorneys & Counselors at Law

**Daniel F. Gourash**
216-443-2520
dgourash@porterwright.com

925 Euclid Avenue
Suite 1700
Cleveland, Ohio 44115-1483

Facsimile:  216-443-9011
Toll Free:  800-824-1980

August 5, 2004

**VIA FACSIMILE AND REGULAR MAIL**
William H. Woods
MCNAMARA AND MCNAMARA, L.L.P.
88 East Broad Street, Suite 1250
Columbus, OH   43215-3558

RE:  *McWane, Inc. v. Grooms Construction Company, Inc.,*
*Highalnd County Water Company, Inc., Fidelity and*
*Deposit Company of Maryland*

Dear Mr. Woods:

Pursuant to Rule 68, my client, McWane, Inc., accepts the offer of judgment in the sum of $500,801.94, plus court costs incurred to date, as set forth in your letter of July 23, 2004, which is attached. I will forward an appropriate notice to be filed with the Court attaching the offer and this acceptance.

Please call if you have any questions.

Very truly yours,

*Daniel F. Gourash/klw*

Daniel F. Gourash

DFG:klw

Enclosure

cc:   Robert D. Anderle, Esq.

Cincinnati • Cleveland • Columbus • Dayton • Naples, FL • Washington DC
www.porterwright.com

**EXHIBIT B**